PRAbsoit, J.
 

 There is a general view of this case, which disposes of it without the necessity of entering into the many details presented by the exceptions. The guardian of an idiot, or lunatic, cannot sell his land without an order of the Court. It follows that he cannot, without the permission of the Court, exceed the
 
 annual income
 
 of the estate, in expenditures for, and on account of, his ward; because, if he can do so, he has it in his power, by exceeding the income year after year, to produce an accumulation of arrears in his favor, so as, in a few years, to make it necessary to sell the land. This is a principle of common law, which is assumed and acted upon, as fully in the statutory provisions concerning idiots and lunatics, as in those concerning infants, (Rev. Code; title “ Idiots and Lunatics;”) and it is sanctioned and carried very far in its application in the matter of
 
 Latham,
 
 4 Ire. Eq. 231, where the Court
 
 say
 
 — “ All the lunatic’s estate has been converted into
 
 *413
 
 money, and only $942 dollars is now within the reach of this Court. We think that this fund must be retained by the committee, not to pay
 
 Ms lalanee
 
 on the debts of any of the creditors, but for the purpose of maintaining the lunatic and his wife and infant children. That the Court must reserve a sufficient maintenance for the lunatic, before making an order for the payment of debts, or allowing to the committee sums already applied by him to that purpose, is clear, from the nature of the jurisdiction in lunacy, as well as from the decisions. In
 
 ex parte
 
 Hastings, 14 Ves. 182, Lord Eldok said he could not pay a lunatic’s debts and leave him destitute, but must reserve a sufficient maintenance for him; and
 
 Tally v.
 
 Tally, 2 D. and B. Eq. 385, that is cited with approbation by this Court.”
 

 When a guardian finds that the income of the ward’s estate is not sufficient for his maintenance, it is his duty to submit the whole matter to the consideration of the Court, and to act under its directions; if he proceeds otherwise, he acts upon his own responsibility. We do not refer to an accidental expenditure, made necessary by an emergency — sickness, for instance — when the excess of expenditure in one year may be compensated for, by drawing upon the income of the next year or two. See
 
 Downey
 
 v.
 
 Bullock,
 
 7 Ire. Eq. 102. But we refer to a regular outlay, exceeding the annual income year after year, so as gradually to run up a balance against the ward, which, if allowed, will force a sale of his estate. Such conduct is a breach of duty; it is not that “prudent management” stipulated for in his bond; and, if carried out, will result in leaving the ward destitute. Our case affords an apt illustration. In 1846 the defendant was appointed guardian of the lunatic ; the expenditures exceed the income year after year; and, by the master’s report, there is due to the guardian a balance of $435,63, in March 1856. The land of the lunatic, which is his whole estate, allowing for the appreciation of the value of land in that neighborhood, is not worth more than $700 ; so that, if this balance claimed by the guardian is allowed, by his “ prudent management ” the ward will
 
 *414
 
 be stripped of everything be owns, and will be left destitute! The question, therefore, is this — shall we refuse to allow the balance claimed by the guardian ? or, shall we allow it, and turn the ward over to the County as a pauper ? There is no principle, and no authority for allowing the claim.
 

 Upon looking into the testimony, we are satisfied that, by' prudent management, the property of the ward could not have been made to yield an annual income more than enough to provide for him a proper maintenance, and cover the outlay and expenditures of the defendant for, and on, his account; we therefore, allow the claims of the guardian to an amount equal to what has been, or ought to have been, received by him as the income of the estate. The result will be to balance the account, and leave nothing due on either side.
 

 PeR Curiam. Decree accordingly.